Our next case for argument is 23-1515, Edward Lifesciences v. Cardiovalve. Hi, Mr. Stowell. Please proceed. Thank you, Your Honors. And good morning. Josh Stowell, on behalf of... Sorry, I pronounced your name wrong. Sorry about that. No problem. Josh Stowell, on behalf of the Academy of Life Sciences. The IPR below involved the rare situation where Cardiovalve filed a non-contingent motion to amend. And what that means is that Cardiovalve agreed that the initial claims were invalid and those claims were canceled. In its place, Cardiovalve proposed substitute claim 11. What's interesting about claim 11 is that the new limitations that were added did not have textual support from the 385 patent. So, for example, the term supports portion as a stand-alone term does not appear in the patent. The advancing limitation that was added to the claims does not appear in the patent. Counsel, I want to ask you kind of one preliminary question. There seems to be a dispute among the parties regarding what issues we need to resolve in terms of our court. Can you identify for me what issues you strictly believe we need to resolve? Yes. There are three independent bases for remand in this case. First, the board misconstrued the term support portion to require a unitary structure. That construction was not supported by any evidence. In fact, the board did not identify any intrinsic or extrinsic evidence to support that construction. The result of that construction is that the board found that the male element was disqualified from being a support portion and then didn't do the analysis as to whether it would meet the limitations of supporting and whether it would meet the limitations of a portion. So that's one. The second issue that the board found is that the board concluded that the collar on Goldfarb 267 is not a support portion. In order to reach that conclusion, the board reached its own facts. It came up with a theory that the collar does not exert a mechanical effect, to use the board's language. There was no support in the record for this mechanical effect argument. It was something that the board created, and it is contradicted by the expressed teachings of Goldfarb 267. So that's the second item that would be cause for debate. And then the third is the board's construction of the advancing limitation. The board imported the phrase any part of into the claim language inappropriately. Not only did the board not explain the basis for doing that or point to any intrinsic or extrinsic evidence to support that construction, but again, it's contrary to the teachings of the references itself. My understanding was that the opposing party indicated that we only need to have a decision on the advancing construction. Yeah, and that's not correct. The advancing limitation only impacts, or the board's analysis of that only impacts whether the male element is the support portion. It doesn't impact the collar dispute, which wasn't referred to at all. The collar, you're talking about the surround. Is that the limitation that you're talking about surround? No, there are, yeah, Edwards identified two elements in the Goldfarb 267 reference that meet the support portion claim limitation. One was the male element of the fixation device. The other was the collar of the fixation device. So when I refer to the collar, I'm referring to the collar of the fixation device. So that collar argument is unimpacted by the board's analysis of the advancing limitation. The collar's not mentioned in that section. Additionally, to the extent the court agrees that the board misconstrued advancing, the case would need to be remanded for factual findings under that construction. This male element, whether it's advanced out before or after, it presumes that the board construed that construction correctly. If the board determines advancing was misconstrued, we would need further factual findings. My understanding is the board, at least in part, indicated that there was a failure to meet the burden of proof with respect to what was presented on the advancing limitation. So can you tell me what evidence Edwards put forth with regard to that limitation? Correct. Well, there's, yeah. The board specified that it had concerns that the identification of the length of the distal element was speculative. That's the board's statement at Appendix Page 57. That only applies to the anticipation argument Edwards made regarding the male element. Edwards had relied on some figures. And in those figures, it relied not only on the figures themselves, but expert testimony and the description in the 267 patent regarding how the device would collapse when it was put into its final configuration, and what the relative orientation of the parts would be at that specific point in time. So that's the anticipation argument. Edwards also made an obviousness argument that it would have been obvious to modify the lengths of the elements so that the elements, the clip element arms, came out of the tube before the support portion. That wasn't addressed by the board at all. I'm having a little trouble understanding that argument, because if the board got the advancing construction correct, which just means any portion has to get out first, I don't see why it would be obvious to a skilled artisan to modify the ends of the arms so that they got out before any portion of the device got out. Like, I don't care how small those little arms are. They could be tiny little arms. There's still some other portions of the support structure that's going to get out first. So no matter how small. So I'm not understanding. I'm not following your argument. It seems to me that your complaints about the board's obviousness conclusion hinge on my accepting your claim construction as a predicate. I don't see how you have an independent argument that you presented on obviousness that differs from your argument on the advancing construction. There is an independent argument in that we've relied on the male element and that it would come out of the— But that argument relies on the claim construction. Not on the advancing claim construction. So I don't understand either. I think you're asking for too much. I don't understand why you're not just focusing on the fact that if the claim construction was wrong and that the male member can be the support portion, then the references show that the arms come out before that support portion rather than even if it's a single unitary member, as the board found, it all comes out. Because I don't see how it does. Well, to your point, we are focused primarily. I mean, our main argument— You're confusing us by talking about something that it doesn't seem really is a very strong argument. And your stronger argument is the claim construction argument that the board said support portion has to be one unitary piece and that a portion of a unitary piece can't be a support portion. And, I mean, without any explanation really at all in the specification where that comes from. I agree with Your Honor. That is the basis to remand. The construction of support portion was unsupported. Let me see if I can summarize. So in order for you to prevail on this advancing limitation, you have to win at least one of these two arguments. Either, number one, we agree with you that the board got the construction of advancing wrong. And then you would win on the advancing limitation. Or, number two, we have to agree with you that the male portion of 19 is the support portion in the claims and then you could win on the advancing limitation because the male portion, it's possible if the arms were shortened in an obvious way, then the male portion might not get out for the shorter arms. Does that make sense? Correct. You've articulated two of the ways that we succeed in warming.  Well, yeah, you have to win one of those two. So which one do you think is your better one? Why don't you start with that? Well, certainly the construction of support portion is not supported anywhere. Well, what if I don't think there's a construction of support portion? What if I just construe this as the board having applied the word support to Bullmark and concluded that this is a substantial essence question? Well, the board never analyzed whether the male element performs a supportive function. What the board did is it said the support portion or the male element cannot be a support portion. Instead, we find that the coupling member performs supportive functions. And so the board never went through the exercise of trying to determine whether the male element supports. And, in fact, I think if you read through the language, the board says all of the portions of the coupling members support. So implicitly, there's an agreement that the support portion or the male element must support. And we cited to Goldfarb 267, which explains that the male element does support. That's the very purpose of that male element. It's part of this mating surface that absorbs compressive forces. Well, so here's your problem. I mean, the board on page 42 says Petitioner points to no portion of the male element of the coupling member 19 performing a support portion. It's not shared by all the other elements of coupling member 19. So you want to – the board made a fact finding that 19 is the support portion. And what the board found is you didn't distinguish any supporting things that are performed by only the male portion, that aren't performed by all of figure 19. And so that certainly matters to what is the support portion. They think it's all of 19. You want it to be just the male portion. It matters because then you have to think about advancing. Does any portion of 19 advance? If all of 19 is the support portion, some portion of it has to advance. And that's all fact finding. Well, in order to reach the conclusion that the entire coupling member is the support portion, the court had to disregard that the male element could be a support portion, right? The board leapt to the conclusion that the male element can't be a support portion because it's part of a larger structure. That was the only construction. I didn't see them saying it can't be a support portion. I saw them saying it is a portion of the overall component which provides support. And I saw them saying that it didn't, there's no evidence that it presented some sort of extra or different support that is otherwise provided by the whole aspect of figure 19. And that's all fact finding. There's nothing about that, sounds like a legal question to me. You want to frame this as a claim construction. But nothing in the dialogue that we just had sounds even vaguely like a claim construction. Well, but here's the problem. The board hasn't explained why the male element can't be a support portion. Let me ask more hypothetically. Do you think if the male element was a support portion separately from the rest of that support tube, but that rest of the support tube, or the rest of that whatever device is, also had support functions that that would meet this claim element of advancing the end of the clip arms out of the liberty tube before advancing the support portion? The male element would meet that limitation. No, you can't say it would meet the limitation. You can say it might be obvious for a skilled artisan to make the arms smaller than what's actually disclosed in Gold Park. And if a skilled artisan did that, then the male element would meet it. But you can't argue that Gold Park discloses advancing the arm length, the end of the arms, prior to even the male portion. You can only get there with modifications based on obviousness. So I really think that you just answered Judge Hughes' question inaccurately. Am I correct? No. We have presented evidence. It wasn't really the question I was asking either. Because the question I'm asking is, I think this advancing the end of the clip arms out before the support portion, if I understand you, your argument is there can be multiple support portions and that the male member is a support portion but there could be other support portions. If those other elements are also considered support portions and the clip arms don't come out before those other elements, then why does it show that the clip arms are out before the support portions? Is it just because there's one support portion left that they have all come out before?  There is a support portion that meets the claim limitation that comes out after the clip arms. There may be others. And so that's your claim construction argument. The support portion, because it's not defined here, could refer to one or more support portions. And if it was properly construed to have multiple support portions, then the clip arms may not come out before the first couple support portions, but they do come out before the last male support portion. Is that what you're saying? That is not the way we've articulated it. Our articulation is that the male element is a support portion under the plan. You're still not answering my question is the problem. I mean, I think I gave you the best argument that you have. And if that's not your argument, then I don't understand what your argument is. If there are multiple support portions, and so I don't know what to call the ones besides the male number. Let's just call them the other ones. It seems undisputed that those portions come out before the clip arms are fully out, right? Or let's just say hypothetically they do so we don't have to get into that. If those portions come out before the clip arms are out, then how is the end of the first and second clip arms out before advancing the support portion out? Because there are support portions out. I thought your argument was as long as they came out before any support portion and that the male number was the last support portion. If that's not the argument, then you're going to have to explain to me what your argument is again with 12 seconds. Well, again, the support portion isn't a defined term in the past or applying the plain and ordinary meaning. It is a portion that supports. Evidence was submitted that the male element does provide unique support functions that are not shared by the rest of the coupling member. It's like saying if I hang from the monkey bars, my shoulder is not doing the same support function as my hand. Here, the male element is the hand. It is performing a unique support function and therefore it meets the claim limitation regardless of whether there are other support portions that there very well may be. I agree with you. Okay, Mr. Stoll. You've used all your time, all your rebuttal time, and you've gone over. Let's hear from Ms. Horton and I'll restore some of the rebuttal time at the end. Can we just pick up where he left off? Because I think he finally got to something that made sense to me, which was if we accept that the board misconstrued its support portion. Let's just start with that. I know you don't agree, but let's just say that support portion doesn't have to be a singular support portion, even if it's all kind of connected to each other, that there can be multiple support portions. And if that male member performs a unique support function because of the way it's designed and placed on this, why wouldn't that at least make obvious the advancing the ends out before the support portion? Well, I think, Your Honor, the first issue is that there is no obviousness argument that the petitioner has made here with regard to obviousness and support portion. Their obviousness argument is with regard to advancing. Support portion has been only argued as what Wolfhard disclosed. Okay, that wasn't what I wanted to ask. So just assume that I don't care about what you're saying on that point. No, what I'm trying to get at is if there are multiple support or if a support portion, because it's not defined in your patent, could mean one or more support portions, and that you can construe the male member as a support portion forming a unique function, then why doesn't that, and I don't want to get tied up in anticipation or obviousness, why doesn't that show the advancing limitation? Because let's just assume, again, for purpose of the argument, that the clip arms come out fully before the male member, and that's a support portion. So in that scenario, the clip arms are out before a support portion, even though they might not be out before other support portions. If you're asking me if we assume that the clip arms come out before male element of coupling member 19, and we assume that male element of coupling member 19 can meet any definition of support portion under the patent, then yes. But I don't think there's facts to support that below. I think that what has happened here is that the board made fact findings about what the male element of coupling portion 19 is and what it is not, and those are— Do you not think that the board implicitly suggests—construed support portion to mean that you couldn't have multiple support portions on a single unitary object? What I think the board did was look at GOLFARB, and GOLFARB Embodiment A, which is what was argued by the petitioner. What the board had to do was look at what the petitioner put forward as the support portion and made fact findings about what that showed. The petitioner did not put forward evidence that male element of 19A had any disclosure in it that it could be separable from the rest of what male coupling member 19. And in fact, the board found that coupling member 19 was an entire thing, that male element of coupling member 19 does not do any supporting alone apart from the rest of 19. That is a fact finding that the board made, I think, on pages 40 and 42, that there is substantial—that it's supported by substantial evidence. Further, the board found not only did the male element of support portion 19 not meet the supporting function because it doesn't do the supporting alone, it only does it in conjunction with the female element, the cylindrical portion, and the arms, 19A and B. It also found that the male element cannot be a support portion because it doesn't surround. Okay, well, see, but here, yeah, you were doing so well until then. You know, what about Figure 25? Sure. And the fact that the board never addressed it. That's a real problem. So I have to get to surround. If you don't win on the first thing, trust me when I say you lose. I mean, the board's just wrong on surround. Figure 25 shows surround. Well, on surround, on Figure 25 of surround, Just two minor points on that. The final written decision outcites part of the section on Figure 25 at page 26. That's Gold Farb 2645-50. That is the paragraph explaining Figure 25 in Gold Farb. That's in the final written decision. Figure 25 is a different embodiment than Figure 22A and B, which is what has been argued by the petitioner. No, they also, pardon me, did they also argue Figure 25? They argued that Figure 25 shows more complete surrounding, but it is the evidence that the board cited with regard to surround, which included looking at Figures 22A and B, which is the main argument of Gold Farb, Gold Farb Embodiment A. And then it also looked at other disclosures in Gold Farb, also argued by the petitioner, and that was Figures 49 and Figures 16 as illustrative. I mean, you have no chance of prevailing, at least with me on this argument, maybe the other two judges, but the board didn't address Figure 25. The board has an obligation to do that. I can't review fact findings that weren't made on our fact-finding body. But you don't need that argument, do you? No. Because if you're right on the support, then we never even reach that argument. Correct. If male element of 19 is not separable from the remainder of coupling member 19, which I think is a fact-finding and not a claim construction. Why does it have to be separable? Because that's what their argument is, is that male element of 19 is separable. What do you mean separable? Not physically separable, just an identifiable, distinct portion. That it can be considered separable for purposes of a support portion. The case law that is— What does that mean? We know this is one unitary piece. They're not disputing that. Their argument is that different sections of this one unitary piece have different support portions functions. And the board seemed to not grapple with that by saying, well, it's all one piece, so it's one support portion, and therefore the male element doesn't do anything separately. If that is incorrect because they said support portion, a unitary piece can't be considered as having separate support portions, that seems to me to be a claim construction issue. Well, the board's fact-finding was that the splitting up of the support portion, as Edwards would like to have it be, was arbitrary and unduly restrictive based on the Goldfarb disclosure at Apex 42. And that's a fact-finding supported by substantial evidence. It goes on to say that Goldfarb does not describe, for example, that the male element and the female element provide teachings that those are separable pieces. So Goldfarb doesn't explain why— Maybe it goes further than that. Doesn't the board also say the S-shape that is created by the combination of the male and female element may provide support, but it's not male alone? Does the board make very specific fact-finding that that male portion has not been alleged to, or in fact they did not find that it on its own offers any support, only in combination with the rest of the unitary structure, or at least with the female portion of the S-curve? Correct. There is— That's fact-finding. The fact-findings are that the male portion doesn't support in a unitary way. Okay, counsel, let me just turn to something slightly different, but it's the same question I asked the opposing counsel. I want to know exactly which issues you believe we need to decide here. So I think this is complicated. There are a lot of issues that have been briefed and a lot of issues put forward by Edwards. I think the court can affirm if it finds that the advancing construction is correct. There's no evidence that the board could credit Goldfarb, anticipates or renders obvious, even if the male portion of Collar 19 is a support portion. I think Edwards even agrees that even if Collar 131 would not meet the advancing limitation under the board's construction, they admitted that at the oral argument before the board. Where is that? Because we just heard him, your opposing counsel, say something to the contrary. So where is it that they said somewhere below that even if the support portion is limited to the male element, they can't prevail on the advancing construction? I'm sorry, Your Honor, if I misspoke. I was talking about the Collar 131 in that section. And under the board's interpretation of advancing, Edwards admitted that Collar 131 would not meet that limitation. But the male element. They're right about the male element with regard to support. Then how is it that the advancing limitation takes care of that? I think because the board made fact findings that there is no credible evidence that has been put forward by Edwards about that limitation, regardless of what the support portion is. The board found that the larger problem with Petitioner's argument is that it is largely speculative and based on Petitioner's interpretation of the figures of GOLFAR. This is the sections of fact finding at Apex 56 and 57. Because their argument is about GOLFAR being drawn to scale, and it is not. They say the Petitioner's reliance upon figures 22A and B as teaching this limitation is unavailing because it's largely speculative depending on what the length of the distal element 18 could be. That fact finding is supported by substantial evidence. I still need to get an answer, though, to my question about all the issues. So I don't want you to leave here without laying that out. Also, support portion. If male element is not a support portion and collar is not a support portion, then you can also affirm because there is a missing limitation. In fact, I think the only way you can remand is if you find that the advancing construction is wrong and male element 19 is a support portion that surrounds and that Edwards' evidence related to the patent drawings can be relied on. That's the path to remand for purposes of male element 19. And with regard to collar 131, the court would have to find that the advancing construction is wrong and collar 131 is a support portion that is coupled to the clips, which their fact findings say that is not, and that there could be evidence of the collar meeting the advancing limitations. We didn't need to reach more than just the advancing limitation. I would say when I was reading your briefs, it sounded like you thought, well, that's all we need to deal with, and I heard something different from opposing counsel, and I just wanted to make sure I had a certain answer on that. Our view is that you don't need to reach anything other than the advancing limitation. If you reach the advancing limitation and agree with the board that its construction was correct, we think that you can affirm. We think that if the board's interpretation of advancing was incorrect and advancing requires something different than what is disclosed by the patent, in our view, then we still think you can affirm because there are still missing elements if there is no support portion. I don't understand how you think we can affirm if they're correct about advancing unless we agree with the board on support. If we agree that there's a construction problem with support portion and that mail member wasn't properly considered as a support portion under the current criminal instruction, then doesn't that error infect its interpretation of the advancing limitation? I didn't see anything that suggested that the board said, even if the mail member alone could be considered a support portion, we still find that it doesn't render this anticipated or obvious. Your Honor, I think what we would point to for that is the same fact findings of advancing on page 56 and 57. But it doesn't talk about the mail member in the same way. It just talks about it in more general terms, and that's the problem. And don't get me wrong. I think this is a very hard case because I hate these arguments about implicit claim construction if they're matched up. But this is kind of an unusual case where we're not talking about the original claims where the parties had an opportunity to ask for a claim construction and the like. This is a motion to amend with claims put in that have no corresponding definition in the specification. So we're trying to figure out what support portion means and what the board understood based upon its decision. And so I find it a little difficult to say that support portion has to be interpreted the way the board did necessarily. I see I'm running short on time. I'd like to just make two points on the support portion and the alleged implicit claim construction issues. I did want to point out, based on something Mr. Stoll said, about there not being support or discussion in the specification and drawings about what the terms mean. In the motion to amend, it is required for the patent owner to explain where in the specification each of the new limitations exists. That happened. We did that. The things that we pointed to for support portion were at Apex 0398, pointing to figures 1, 3G, and then columns 14, 13 through 20, and 16, 10 through 17. In assessing whether there was 112 support for those new limitations, the board found that we conclude that the proposed substitute claims do not add new matter. We also conclude that the specification provides sufficient written description support and enablement support for those limitations at Apex 15. Petitioner didn't dispute those issues, and that is not an issue on appeal. So there is support for these things. The other thing I will leave with is there is some case law cited by Edwards with regard to this idea of splitting up different numbers. All of the cases that they cite there, the CCS case and Rexnord, etc., those deal with the issue of whether or not a patented limitation can be met by more than one element in the prior art, for example. They don't cite cases going the other way. But you can artificially split up a prior art element and use that artificial splitting to meet a separate claim limitation in the patent. So with that, we'd ask the witness to affirm. Thank you very much. All right. Thank you, Ms. Horton. Mr. Stoll, I'll give you a minute. She went over by a minute, so add a minute to this rebuttal time, please. Thank you, Your Honor. Just give him two minutes as well. Thank you, Your Honor. I'm going to pick up with the support portion and specifically this idea that the Board made a factual finding about the support portion. If we look at Appendix 41, which is where the Board has this discussion, the Board states, Thus, all of the elements described by petitioners being separate are in fact a single unit of that, and then it says the different functions. Notice there's no evidentiary cite in that paragraph anywhere to support that. That argument, that alleged evidence wasn't of record. This is the Board supplying or doing its own fact-finding without support. The only support that was in the record is in the prior paragraph where Edwards submitted evidence that the male portion of the coupling member supports or is a support portion because it bears the weight of the fixation device during delivery. It absorbs and transfers the axial and rotational forces imposed by the shaft, and it holds the device in the correct orientation. So Edwards did point to unique aspects, unique functions of the male element in its reply brief. It's cited to Goldfarb 267, which explains that the male element performs those functions. When the Board says, Thus, all elements of the coupling member describes that, there is no evidentiary support to support that. What were particularly the unique features that you would say that you argue the male element supports that aren't actually being supported by the entire S-curve, which includes more than the male element? What were the male element's support features that you just claim that you have separately argued? The male element, it bears the weight of the entire fixation device, which none of the other portions of the coupling member do. It absorbs and transfers the axial and rotational forces imposed by the shaft on the top of the fixation device, and that's explained in Goldfarb 267 at Appendix 1374, Column 15. And it holds the device in the correct orientation, which, again, other portions of the fixation device, like the legs or the circular member in the center of the coupling member, do not do. So it does have unique functional aspects. And you're saying that all three of these things on Appendix page 41 are the unique functional aspects, in your opinion? That's correct. Those are the ones that Edwards identified during the proceedings and submitted evidence to support. Okay. Thank you, Counsel. This case is taken under submission.